## MAS· ET AL. *v.* BORINQUEN SUGAR CO.

### APPEAL from the District Court of Humacao.

### Motion to dismiss appeal.

No. 771.—Decided October 13, 1911.

UNLAWFUL DETAINER—APPEAL FROM JUDGMENT—DEPOSIT OF RENTAL.—Section 12 of the act establishing unlawful-detainer proceedings, approved March 9, 1905, provides that whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon the defendant shall be denied the right of appeal unless he deposit in the office of the secretary of the court the amount due up to the date of the judgment, and that the said deposit shall be made within the time granted for taking an appeal. Construing this legal provision in the light of reason, it was held that a deposit of the entire amount which was really proven to be due up to the date of the judgment, made before the judgment was rendered, is valid, because the essential thing in these cases is to make the deposit so that the rights of plaintiffs may be safeguarded thereby.          •

The facts are stated in the decision of the court.

*Messrs. Arturo Aponte, Jr.,* and *Juan Hernández López* for appellant.

*Messrs. Alvarez Nava* and *Domínguez* for adverse party.

### DECISION.

The court: The plaintiffs and appellees moved for the dismissal of the appeal on the ground that the defendant and appellant had not complied with the provisions of section 12 of the Unlawful-Detainer Act (Acts of Porto Rico, 1905, p. 183), which directs that whenever the action of unlawful detainer is founded upon the nonpayment of the amounts agreed upon the defendant shall be denied the right of appeal unless he deposit in the office of the secretary of the court the amount due up to the date of. the judgment, and that the deposit shall be made with the time (five days after the date of the judgment) granted for taking an appeal.

It appears from the motion of the plaintiffs and appellees and from the papers accompanying the same that this is an

action of unlawful detainer founded on the nonpayment of the rental of a certain farm property, which rental, according to the contract entered into by the parties, was to be paid at the end of every six months; that an instalment became due on June 27, 1911, and that on July 18, 1911, the defendants deposited the amount agreed upon in the office of the secretary of the District Court of Humacao subject to the demand of the plaintiff; that a judgment against the defendants having been rendered on July 19, 1911, that party took an appeal to this court on July 22, 1911.

In view of the facts stated and construing the law invoked in the light of reason, our conclusion is that when the appeal was taken in this case the full amount due by the defendants up to the date of the judgment had been deposited by said defendants in the office of the secretary of the district court subject to the demand of the plaintiff, and, therefore, that every requisite of the law had been complied with.

The rental was payable at the end of every six months, and the only instalment which had not been paid on the day of the judgment was that due on June 27, 1911, the amount of which had been deposited as heretofore stated. Whether the deposit was made before or after the date of the judgment is immaterial. The essential thing is to make the deposit so that the rights of the plaintiff may be protected.

For the reasons stated it is held that the dismissal of the appeal taken by the defendants in this case would be improper.

*Motion overruled.*

Chief Justice Hernández and Justices MacLeary, Wolf, del Toro and Aldrey concurred.